Emilio SALAS–MORALES; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–72917.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martha L. Cordoba, Attorney at Law, San Francisco, CA, for Petitioners.

Edward A. Olsen, San Francisco, CA, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Lead petitioner, Emilio Salas–Morales, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision denying his application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,*

333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Salas–Morales' treatment by members of section six of the Mexican presidential high command, including a kick to the knee during a soccer game and the pouring of hot water over his lap, does not rise to the level of past persecution. Persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive." *See id.* at 1016.

Substantial evidence also supports the IJ's conclusion that Salas–Morales' fear of future persecution on account of his former service in section seven of the Mexican presidential high command is not objectively reasonable because SalasMorales did not carry his burden of adducing "credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution." *See Arriaga–Barrientos v. INS,* 937 F.2d 411, 413 (9th Cir.1991); *see also Nagoulko,* 333 F.3d at 1018 (possibility of future persecution in Ukraine too speculative). It cannot be said that the "evidence [Salas–Morales] presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.